Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 CV 2253 | **DATE** | July 22, 2010 |
| **CASE TITLE** | *Mehta v. Beaconridge Home Improvement Assoc.* | | |

**DOCKET ENTRY TEXT**

The defendants' motion to dismiss the amended complaint [16-1] is granted in part and denied in part as follows: the motion to dismiss Counts I, II and IV from the amended complaint is granted; the motion to dismiss the allegations in Count III about failing to end nine years of discrimination and discriminatory conduct directed at others is granted; and the motion to dismiss the § 1983 conspiracy claim in Count III is denied. Because the court allowed Mehta to amend his complaint after dismissing claims from the original complaint that are virtually identical to the claims dismissed by this order, the claims that failed to survive the motion to dismiss are dismissed with prejudice. The parties shall file a joint status report detailing proposed deadlines for discovery and dispositive motions, and shall deliver courtesy copies to both this court as well as the assigned magistrate judge, no later than August 11, 2010. They shall report for a status hearing before this court on September 14, 2010, at 11:00 a.m.

■ [ For further details see text below.]     Docketing to mail notices.

00:00

## STATEMENT

On April 29, 2010, this court dismissed plaintiff Kirti Mehta's complaint after screening it pursuant to 28 U.S.C. § 1915(e)(2)(B). The court concluded that even viewing the *pro se* complaint liberally, it failed to allege minimal facts sufficient to state plausible claims of discrimination under the Fair Housing Act. The court gave Metha time to file an amended complaint, which he has done. In response to the amended complaint, the defendants have filed a motion to dismiss, arguing that each of Mehta's claims are again subject to dismissal because they are essentially identical to the claims previously dismissed. For the reasons that follow, the motion to dismiss is granted in part and denied in part.

### Count I – "Negligence & in violation of fiduciary duty"

In Count I, Mehta alleges that the defendants violated their fiduciary duties to him by failing to address an accumulation of water outside his unit, fix a broken sump pump in his unit, and properly maintain the building and landscaping. He alleges that the defendants were motivated by his race. The court dismissed the count because it consisted of nothing but "[n]aked assertions devoid of further factual enhancement." Order of April 29, 2010 (docket #9) at 2 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2007) (internal quotation marks and citation omitted)).

The sole change made to this count in the amended complaint is as follows:

> Further investigation/discovery will produce evidence of color of law pursuant to

federal rule 26 through 37.

Amended Complaint (docket #15) at ¶¶ 1 & 4. Mehta's additional language does not factually enhance his naked assertions. To the contrary, it acknowledges the current dearth of factual allegations.

Because Mehta's amendment fails to cure the deficiency previously noted, Count I is again dismissed.

### *Count II – "Retaliation"*

In Count II, Mehta alleges that the defendants repaired his back fence and wrongfully charged him for it, and that the defendants retaliated against minority homeowners who complained about their failure to properly maintain the property. The court dismissed this count from the original complaint because the allegations were so general and vague that they did not state a claim for which relief could be granted. The allegations of the amended complaint are identical to the original complaint (except that some of the text is now bigger, underscored, or in bold). Because Mehta has failed to cure the prior deficiencies, Count II of the amended complaint is dismissed for the same reasons as the court dismissed Count II of the original complaint.

### *Count III – Civil Rights Violation – "National Origin"*

In Count III, Mehta alleges that for 9 years he has demanded that the defendants stop engaging in unspecified acts of discrimination directed at him and others based upon their national origin, including "Black, Hispanic, Pakistani, Etc.," but that "nothing has been changed." Amended Complaint [15-1] ¶ 12. These allegations are essentially unchanged from the original complaint and, as before, are too conclusory and fail to specify any actual discriminatory conduct. In addition, they allege discrimination against other minorities, which Mehta lacks standing to assert. Accordingly, these allegations still fail to state a colorable claim.

In addition to the allegations merely repeated from the original complaint, Count III adds new allegations based upon conduct by the Bolingbrook Police Department. The new allegations are as follows:

(a) Presence of police in board meeting,
(b) Police Desk is assigned in club house to intimidate minorit[y] resident[s] since last nine years & Beaconridge has given open [access] to new and current resident[']s information. The sole purpose is Racial-profiling;
(c) Racial remarks made, windows of Mehta's residen[ce have] been vandalized more than 3 times & police [have] never conduct [an] investigation.
(d) Police mingle with Beaconridge to used [sic] code violation [a]nd many more!
(e) MEHTA cars [have] been vandalized more than 3 times, tires [have] been slashed. Police failed to make any arrest on MEHTA's Complaints.

Amended Complaint [15-1] ¶ 13 (underscoring in original). The gist of these new allegations is that the defendants have given the Bolingbrook police officers access to residents' records in order for the officers to engage in racial-profiling, with the result that officers refused to investigate three separate reports of vandalism to Mehta's residence and vehicle. The defendants argue that the new allegations must be dismissed because they allege conduct by police officers and, therefore, are not within the scope of the Fair Housing Act.

However, the defendants view Mehta's allegations through too narrow a lens. Mehta's allegations describe a joint effort between the defendants and Bolingbrook police to discriminate against Mehta based on his race or

national origin. Even though the defendants are not state actors, Mehta has nevertheless alleged that they conspired with state actors (Bolingbrook police officers) to deny him his civil rights. Thus, viewing his *pro se* allegations liberally, Mehta has sufficiently alleged a conspiracy to deny his civil rights under 42 U.S.C. § 1983. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *see also Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002) (a conspiracy under § 1983 is when a private citizen "conspired with a public employee to deprive the plaintiff of his constitutional rights. . . . As a conspirator, the citizen is liable, in civil as in criminal law, for the wrongful acts of the other conspirators committed within the scope of the conspiracy.").

Accordingly, the motion to dismiss Mehta's allegations of conspiracy under 42 U.S.C. § 1983 is denied.

### *Count IV – "Wilful Wanton Misconduct"*

In Count IV, Mehta takes issue with the defendants' adoption of the Illinois Condominium Property Act given that, according to Mehta, the building at issue is not a condominium. The court dismissed Count IV from the original complaint because the allegations failed to identify any discrimination. Amended Count IV is identical to the original except that Mehta now alleges that "[f]urther investigation/discovery will produce evidence of color of law pursuant to federal rule 26 through 37." Amended Complaint [17-1] ¶ 17. As with Mehta's similar amendment to Count I, the additional allegation merely highlights the complaint's absence of any factual enhancement to his mere naked assertion that the defendants discriminated against him.

Because Mehta's amendment fails to cure the deficiency previously noted, Count IV is again dismissed.

### **CONCLUSION**

For the reasons stated, the motion to dismiss Counts I, II and IV from the amended complaint is granted. The motion to dismiss Count III is granted in part and denied in part as follows: the request to dismiss the § 1983 conspiracy claim is denied, but Mehta's claims about failing to end nine years of discrimination and discriminatory conduct directed at others are dismissed. Because the court allowed Mehta to amend his complaint after dismissing claims from the original complaint that are virtually identical to the claims dismissed by this order, the claims that do not survive the motion to dismiss are dismissed with prejudice.