# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 CV 2253 | **DATE** | February 3, 2011 |
| **CASE TITLE** | *Mehta v. Beaconridge Home Improvement Assoc.* | | |

**DOCKET ENTRY TEXT**

The defendants' motion to dismiss [48-1] is granted, and plaintiff Kirti Mehta's complaint is dismissed with prejudice. The clerk is directed to terminate all other pending motions, enter a Rule 58 judgment, and remove this case from the court's active docket.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

# STATEMENT

Plaintiff Kirti Mehta has sued the homeowner's association that manages the Beaconridge subdivision in Bolingbrook, Illinois, where he owns a home. He has also sued the association's president and its manager. He is proceeding *pro se*, so the court has construed all of his submissions liberally.

The court previously dismissed most of Mehta's claims, but allowed him to file a Second Amended Complaint raising his claim that the defendants conspired with Bolingbrook police officers to deny him his civil rights. *See* 42 U.S.C. § 1983. Specifically, Mehta alleges that the association allowed Bolingbrook police to operate a satellite office at Beaconridge in order to give officers access to residents' records as part of a racial profiling conspiracy. Mehta alleges that during that time, officers used the information they gathered to "close[] the file whenever MEHTA became victim of crime." Second Am. Compl. [47-1] ¶ 1. The conspiracy allegations in Mehta's Second Amended Complaint differ from those in his Amended Complaint in this significant way: in the Amended Complaint Mehta alleged that the satellite office has operated "for more than last 9 years," *see* Am. Compl. [15-1] ¶ 12, while in the Second Amended Complaint he alleges that the satellite office operated only during the years 1997-2006, *see* Second Am. Compl. ¶ 2.

The defendants have filed a motion to dismiss Mehta's § 1983 conspiracy claim, contending that based upon Mehta's new allegations, his § 1983 conspiracy claim is untimely. Claims brought under § 1983 based upon conduct that occurred in Illinois must be filed within two years of the conduct alleged. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); 735 Ill. Comp. Stat. § 5/13-202. The defendants contend that Mehta's claim is untimely because the conspiracy he alleged ended in 2006, when the officers' alleged satellite office in Beaconridge closed. They acknowledge that under Illinois' continuing tort theory, the statute of limitations does not begin to run until the date on which the tortious acts cease. *See Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). Nevertheless, they contend, even the conduct alleged that occurred after the alleged satellite office closed mostly occurred two years before Mehta filed suit, so even under the continuing tort theory, the statute of limitations has run. As for the three events that occurred during the two-year period before Mehta filed suit, the defendants contend that the complaint does not plausibly suggest any connection between those events and the conspiracy alleged and, therefore, those events did not restart the statute of limitations.

Mehta filed suit on April 13, 2010. The court therefore agrees that his § 1983 conspiracy claim would be untimely if based solely on events that occurred before April 13, 2008. The question, then, is whether any of the three events that took place after April 13, 2008, were part of a continuing tort such that the statute of limitations did not begin running until their occurrence. According to the complaint, the three events that occurred after April 13, 2008, are as follows:

| | |
|---|---|
| May 1, 2008 | criminal damage to vehicle |
| July 20, 2009 | criminal damage to property |
| August 19, 2010 | shooting incident involving bullets that hit Mehta's house |

The complaint provides absolutely no information about the May 1, 2008, or July 20, 2009, instances of criminal damage except for the "Report #." A plaintiff in federal court need not allege detailed facts to support his claim, and the court views the allegations of a *pro se* plaintiff such as Mehta liberally. However, to survive a motion to dismiss he must allege sufficient facts to plausibly suggest that he is entitled to relief. *See Wilson v. Price*, 624 F.3d 389, 391-92 (7th Cir. 2010) ("The complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court.") (internal quotation marks and citation omitted). By failing to provide *any* detail about these instances of criminal damage or officers' handling of them, he has not plausibly suggested any connection between these events and the conspiracy to "close the file" when he reported crimes from 1997 to 2006.

Mehta has alleged a few details about the August 19, 2010, shooting, including the following:

> MEHTA house was targeted & shot has been fired. Bullet was entered to MEHTA's resident and Police went to BEACONRIDGE on the morning of Aug 19, 2010!

Second Am. Compl. [47-1] ¶ 4. Although a plaintiff may not supplement the allegations of his complaint through a brief filed in response to a motion to dismiss, because Mehta is *pro se* the court also takes into account the following additional details from Mehta's brief:

> Police were summons & Police collected "bullet" out of MEHTA's home. **Early Morning of August 19, 2010 Police officers went to talk & discussed the event with BEACONRIDGE's MARY RENNELS,** instead of talking & making inquiries related to investigation nature with neighbors of this shooting incident.

Response [57-1] at 2 (emphasis in original).

Mehta's allegations, even when supplemented with the details provided in his response brief, do not plausibly suggest any connection between the August 2010 incident and the alleged conspiracy. According to his conspiracy allegations, during the period between 1997 and 2006 when Bolingbrook officers purportedly operated a satellite office at Beaconridge, officers refused to investigate his reports of criminal activity. But Mehta alleges that police *did* investigate his August 2010 report of shots fired outside of his home. Thus, Mehta has alleged no connection between the earlier conspiracy and the August 19, 2010, such that the statute of limitations would have restarted.

## STATEMENT

The court acknowledges the string of crimes to which Mr. Mehta alleges he has fallen victim dating back to 1997. However, the events that Mehta has alleged comprised a conspiracy between the defendant and Bolingbrook police occurred more than two years before he filed suit and, therefore, the statute of limitations bars his conspiracy claim. In addition, he has not plausibly suggested a connection between the more recent events alleged and the conspiracy to ignore his reports of criminal activity.

As a result, his § 1983 conspiracy claim is untimely. Because the court has granted Mehta leave to amend his complaint twice before, and because at this point it appears that Mehta can allege no set of facts consistent with the allegations of the Second Amended Complaint that would state a timely claim of conspiracy, the complaint is dismissed with prejudice.

rs/cpb